IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYREN DARNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-477-GKF-CDL |
| | ) |
| CRAIG COUNTY SHERIFF'S DEPT., | ) |
| SAMUEL WALKER, and | ) |
| ERIN O'QUIN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the court *sua sponte* on the "Motion for Declaratory Judgment" (docketed as a complaint) [Doc. 2] of plaintiff Kyren Darnell.

In the court's Order of October 15, 2025, the court granted Mr. Darnell's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 19].

When a party is permitted to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). The relaxed standard "does not relieve [plaintiff] of the burden

of alleging sufficient facts on which a recognized legal claim could be based." *Olson v. Carmack*, 641 F. App'x 822, 826 (10th Cir. 2016) (quoting *Bellmon*, 935 F.2d at 1110). To state a plausible claim for relief under § 1983, a plaintiff must allege facts showing that (1) a person (2) acting under color of state law (3) deprived, or caused another person to deprive, (4) the plaintiff of a right protected by federal law. *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002).

Applying the rules of liberal construction, the court finds that Mr. Darnell's claims must be dismissed for failure to state any claims on which relief may be granted. Furthermore, the court finds that it would be futile to grant Mr. Darnell leave to file an amended complaint. The complaint [Doc. 2], "Affidavit of Material Facts" [Doc. 2-1], and "Affidavit of Damages" [Doc. 2-2] refer to an allegedly unlawful arrest and prosecution for possession of a firearm after former conviction of a felony. *See Oklahoma v. Darnell*, No. CF-2024-107 (Craig Cnty. Dist. Ct., filed Sept. 13, 2024). In his "Motion for Declaratory Judgment" (docketed as a complaint) [Doc. 2], Mr. Darnell requests the court declare that: (1) defendants violated his constitutional rights, (2) that his classification as a felon arising from a juvenile adjudication is unconstitutional, (3) that the search, seizure, and detention "lacked legal justification," and (4) that he is entitled to relief under 42 U.S.C. § 1983. This court takes judicial notice that there are pending motions in the state court criminal proceeding for post-conviction relief and to withdraw Mr. Darnell's guilty plea. The state court has set a hearing on said motions on November 5, 2025.

Mr. Darnell effectively asks this court to intervene in an ongoing state criminal proceeding to consider the constitutionality of his arrest and prosecution. Assuming Mr. Darnell could identify any viable constitutional claims arising from his arrest and prosecution, his remedy is to raise those claims in his state criminal proceeding, not in federal court through a civil rights action for declaratory and monetary relief filed while his post-conviction motions are pending. *See Winn v.*

*Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) ("Under the *Younger* abstention doctrine, federal courts are to abstain from exercising jurisdiction to interfere with state proceedings when the following three requirements are met: '(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006))); *Carbajal v. Hotsenpiller*, 524 F. App'x 425, 428 (10th Cir. 2013) (affirming the district court's dismissal under *Younger* because petitioner "alleged that his . . . motion [for post-conviction relief] was pending [in state court]," he had "not demonstrated that the state courts provide an inadequate forum," and the State "possesses a strong interest in administering its criminal justice system"). Under the circumstances of this case, the court also finds that it would be futile to grant Mr. Darnell leave to amend his complaint.

WHEREFORE, the "Motion for Declaratory Judgment" (docketed as a complaint) [Doc. 2] of plaintiff Kyren Darnell "fails to state a claim on which relief may be granted" and is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that the "Motion to Direct U.S. Marshals Service to Effect Service of Process" [Doc. 20] of plaintiff Kyren Darnell is denied as moot.

IT IS FURTHER ORDERED that the Clerk of Court is directed to terminate this matter.

IT IS SO ORDERED this 15th day of October, 2025.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma